UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BENJAMIN GILL | CIVIL ACTION NO. 6:13-CV-00589 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| COASTAL DRILLING COMPANY, LLC | BY CONSENT OF THE PARTIES |

### RULING ON MOTION

Currently pending is the motion in limine, which was filed on behalf of defendant Coastal Drilling Company, LLC, seeking to preclude the plaintiff's introduction at trial of a day-in-the-life video. (Rec. Doc. 79). For the following reasons, the motion is denied.

### BACKGROUND

According to his complaint, Benjamin Gill was injured in a workplace accident on July 5, 2012. At that time, Mr. Gill was employed by Coastal and working as a floorhand on Coastal Rig 20. Mr. Gill's accident allegedly occurred when the tongs struck him on the right knee. He allegedly now suffers from complex regional pain syndrome, a condition that substantially restricts his activities.

### LAW AND ANALYSIS

In its motion in limine, Coastal argues that the plaintiff should be precluded from introducing his day-in-the-life video because it does not accurately represent his

current condition, the plaintiff having moved after the video was created. Coastal suggests that the video would be misleading and prejudicial because the plaintiff's new home is more wheelchair accessible and therefore provides the plaintiff greater ease of movement than is depicted in the video. The plaintiff counters that the video will aid the factfinder in assessing the functional limitations resulting from the plaintiff's injuries.

Rule 401 of the Federal Rules of Evidence states that evidence is relevant if it has any tendency to make a fact more or less probable and that fact is of consequence in determining the action. Rule 403 states that relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The undersigned finds that the factors evaluated in *Lafarge v. Kyker*, No. 1:08CV185-SA-JAD, 2011 WL 1742002 at *6 (N.D. Miss. May 5, 2011), would be helpful in deciding whether the video should be viewed. Those factors are:

(1) Whether the video fairly represents the facts with respect to the impact of the injuries on the plaintiff's day-to-day activities;

 (2) Whether the plaintiff is aware of being videotaped for litigation purposes and therefore displays self-serving behavior consciously or unconsciously;

 (3) Whether the video will be prejudicial particularly because factfinders tend to remember evidence presented in film better than evidence presented in testimony; and

 (4) Whether the plaintiff can be effectively cross-examined with regard to the content of the video.

However, the undersigned finds that he is unable to evaluate whether the film will be prejudicial, confusing, or misleading without first viewing the film. In this case, the plaintiff will be available at trial to be cross-examined with regard to the scenes depicted in the videotape and the case is being tried to the bench rather than to a jury, with the judge aware that the film does not depict the place where the plaintiff currently resides. This lessens the potential for prejudice to some extent. However, the listed factors cannot be properly evaluated without first viewing the film. Furthermore, the undersigned finds that the defendant's objections to the video go more to the substance of what is depicted therein and therefore to the weight of the evidence than to the issue of whether the video itself if admissible. Accordingly,

IT IS ORDERED that Coastal's motion in limine (Rec. Doc. 80) is DENIED.

Signed at Lafayette, Louisiana, on May 13, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE